# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIOQUELL, INC., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 10-2205 |
| STEVEN FEINSTEIN, ET AL., | : |
| Defendants. | : |

## MEMORANDUM OPINION

Tucker, J.                                                                                                                  November \_\_\_\_, 2010

      Presently before the Court are Defendants Steven Feinstein, Robert Buscher and Six Log Corporation's Motion to Partially Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P 12(b)(6) (Doc. 10); Plaintiff Bioquell Inc.'s Response in Opposition thereto (Doc. 14); Defendants' Motion for Partial Judgment on the Pleadings (Doc. 22); Plaintiff Bioquell Inc.'s Response in Opposition thereto (Doc. 23); and Defendants' Motion for Leave to File a Reply Partial Judgment on the Pleadings (Doc.18).

      For the reasons set forth below, this Court will grant Defendants' Motion to Partially Dismiss Plaintiff's Complaint. Additionally, this Court denies Defendants' Motion For Partial Judgment on the Pleadings and Motion for Leave to File a Reply.

## INTRODUCTION

      The instant action arises out of allegations of breach of a non-compete provision of an Employment Agreement. The Employment Agreement was entered into between Plaintiff

Bioquell, Inc. ("Plaintiff"), as employer, and Defendants, Steven Feinstein ("Defendant Feinstein") and Robert Buscher ("Defendant Buscher"), as employees. Plaintiff alleges that Defendants Feinstein and Buscher misappropriated trade secrets acquired during the course of said employment when they were employed by Defendant SixLog Corporation ("Defendant SixLog").

On June 10, 2010 Defendants collectively filed a Motion to Partially Dismiss the Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted. Thereafter, on September 22, 2010 Defendants filed a Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12 (c). These Motions are the subject of this opinion.

## FACTUAL BACKGROUND

Plaintiff is in the business of providing hydrogen peroxide decontamination equipment and services to the healthcare, life sciences, food production, and defense sectors. (Compl. ¶ 8.) Plaintiff hired Defendant Feinstein to serve as the Western Regional Sales Manager out of his home in Arizona. Defendant Feinstein's employment with Plaintiff commenced on October 1, 2008. (Compl. ¶ 9.) In addition, Plaintiff hired Defendant Buscher, with employment commencing on December 1, 2008, to serve as the Vice-President of Operations of Bioquell Inc. (Compl. ¶ 10.) During their employment with Bioquell Defendants Feinstein and Buscher had access to Plaintiff's confidential and proprietary information. As a condition of their employment, both Defendants Feinstein and Buscher were required to sign an Employment Agreement, which contained confidentiality and non-compete provisions. (Compl. ¶ 11.)

The Employment Agreement contained the following non-compete provision:

> You undertake and covenant to us that in order to protect BIOQUELL's legitimate business interests, for a period of two years from the date you cease to be an employee of BIOQUELL Inc. you will not in North America work for or be employed by or receive directly or indirectly any remuneration or consultancy fee or equity participation from: (i) other manufacturers of hydrogen peroxide vapor generators; (ii) companies or organizations selling hydrogen peroxide vapor generators; (iii) companies or organizations selling the servicing of hydrogen peroxide vapor generators; or (iv) companies or organizations selling a bio-decontamination service whether for buildings or rooms or equipment.

(Compl. ¶ 12.)

In addition, the Employment Agreement contains the following confidentiality provisions:

> You agree and acknowledge that you will have access to information which has significant value to the Company. This information includes, but is not limited to, customer information, proprietary BIOQUELL Group Information, product and technology know-how, trade secrets, business methods and details (including pricing and margin) and elements of the BIOQUELL Group's and the Company's strategy (together "Confidential Information"). You confirm and undertake to us that, in addition to your common law and/or statutory obligations, during or after your employment ceases with the Company you will not divulge any Confidential Information in whole in part directly or indirectly to third parties, whether to competitors of the Company or others.

(Compl. ¶ 12.) (Doc. 11, Exs. A & B.)

Furthermore, in the event of breach, the Employment Agreement provides, "BIOQUELL shall be entitled to the remedies of injunction, specific performance and other equitable relief for any threatened, anticipatory or actual breach of this Agreement," and further provides that Defendants "agree in advance to the granting of injunctive relief in BIOQUELL's favour without proof of actual damage." (Doc. 11, Exs. A & B.) Plaintiff avers that during their employment Defendants became familiar with Bioquell Inc.'s proprietary information, including customer information, proprietary group information, product and

3

technology know-how, trade secrets and other information.

In August 2009, Defendant Feinstein resigned from his position with Bioquell Inc., contending that Plaintiff misrepresented the terms of compensation in its offer of employment, and advised Plaintiff that he intended to contract for employment with Astro Pak Corporation ("Astro Pak"). (Compl. ¶ 16.) On August 28, 2009, Plaintiff and Defendant Feinstein entered into a Release of Claims Agreement, wherein Defendant Feinstein agreed to release Plaintiff from any claims relating to the alleged misrepresentation. (Compl. ¶ 17.) Additionally, Plaintiff agreed to release Defendant Feinstein from the non-compete provision as to Defendant Feinstein's prospective employment with Astro Pak. (Compl. ¶ 18.) The Release of Claims Agreement provided, "FEINSTEIN understand[s] and agrees that the Non-compete shall remain in full force and effect with regards to any other employer or third party pursuant to the terms of such Non-compete." (Compl. ¶ 19.) Plaintiff claims that, prior to entering into the Release of Claims Agreement, Defendant Feinstein represented to Plaintiff that Astro Pak was not a competitor. (Compl. ¶ 20.) Specifically, Plaintiff avers that in an email to Mike Heard, Bioquell Inc.'s Vice-President, Defendant Feinstein stated, "[a]s you know, we have never run in to Astro Pak on any project. They concentrate their business on the on-site passivisation and parts cleaning (in their cleanrooms)." (Compl. ¶ 21.)

On September 10, 2009, after Defendant Feinstein had commenced employment with Astro Pak, Astro Pak formed Defendant SixLog to provide rapid on-site biological decontamination services utilizing proprietary ionized hydrogen peroxide technology. (Compl. ¶ 22.) Defendant Feinstein then became employed as the Director of Technology at SixLog. (Compl. ¶ 23.) Plaintiff avers that Defendant Feinstein was aware that he would be

4

entering into an employment agreement with the newly incorporated SixLog at the time that he entered into the Release of Claims Agreement. (Compl. ¶ 35.) Plaintiff alleges that Defendant SixLog's business is in direct competition with that of Plaintiff. Compl. ¶ 24.)

After Defendant Feinstein began working for SixLog, on October 23, 2009, Plaintiff terminated Defendant Buscher's employment as a result of unsatisfactory job performance. (Compl. ¶ 26.) Defendant Buscher was not released from either the confidentiality provision or the non-compete provision of the Employment Agreement. (Compl. ¶ 27.) Plaintiff believes that Defendant Feinstein was substantially involved in Defendant Buscher's employment at SixLog. (Compl. ¶ 29.) Plaintiff also believes that Defendants Feinstein and Buscher have conspired in misappropriating trade secrets learned during their respective employments with Plaintiff, have tortiously interfered with Plaintiff's business relations, and have acted in concert with Defendant SixLog in doing so. (Compl. ¶ 30.) Consequently, Plaintiff sent correspondence to Defendants Feinstein and Buscher requesting that they cease and desist from their respective employments with SixLog. Neither Defendant Feinstein or Buscher responded to Plaintiff's request. (Compl. ¶¶ 30-31.)

Based on the foregoing, Plaintiff brings the following claims for relief: (1) intentional misrepresentation claim against Defendant Feinstein; (2) breach of contract claim against Defendant Feinstein; (3) breach of fiduciary duty claim against Defendant Feinstein; (4) claim for violation of Pennsylvania's Uniform Trade Secrets Act against Defendant Feinstein; (5) claim for tortious interference with business relations against Defendant Feinstein; (6) conspiracy claim against Defendant Feinstein; (7) breach of contract claim against Defendant Buscher; (8) breach of fiduciary duty claim against Defendant Buscher; (9) claim for violation

5

of Pennsylvania's Uniform Trade Secrets Act against Defendant Buscher; (10) claim for tortious interference with business relations against Defendant Buscher; (11) conspiracy claim against Defendant Buscher; (12) claim for tortious interference with business relations against Defendant SixLog; and (13) conspiracy claim against Defendant SixLog.

## LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly et.al., 550 U.S. 544, 555 (2007). In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009 the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In Iqbal the Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. "[O]nly a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." Id. at 1950.

In light of the decision in Iqbal, the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged -- but has failed to show -- that the pleader is entitled to relief. Id.

# DISCUSSION

## I. Breach of Contract

Counts two and seven of Plaintiff's Complaint charge Defendants Feinstein and Buscher with breach of contract. Specifically, Plaintiff avers that Defendant Feinstein and Buscher are in breach of the confidentiality and non-compete provisions of the Employment Agreement. (Compl. ¶¶ 40.) Defendants argue these claims should be dismissed to the extent that they allege violations of the confidentiality provision. In support of this claim for relief Plaintiff avers that it "believe[s] that Defendant Feinstein has disclosed or inevitably will disclose to Defendant SixLog confidential trade secret information belonging to Plaintiff." (Compl. ¶ 41.) Plaintiff argues this breach was the direct and proximate cause of placing Bioquell Inc. at a competitive disadvantage and its business activities will be severely impaired if Defendants Feinstein and Buscher are permitted to unlawfully misappropriate and otherwise use Plaintiff's confidential information. (Compl. ¶ 43.) Plaintiff claims that Defendant Feinstein and Buscher's breach of the confidentiality provision have caused and will continue to cause Plaintiff significant financial loss, loss of good will and other irreparable harm. (Compl. ¶ 44.)

To establish a claim for breach of contract, a plaintiff must plead the following elements: (1) the existence of a contract to which the plaintiff and defendant were parties, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) damages. See Gorski v. Smith, 2002 PA Super 334, 812 A.2d 683, 692 (Pa. Super. Ct. 2002). At the motion to dismiss stage, a court will accept as true the facts as contained in the complaint;

however to survive a 12 (b) (6) motion a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal at 1949. Plaintiff has failed to properly plead the second and third element of this claim. Here, Plaintiff has merely made a series of conclusory statements devoid of any factual content. The very verbiage used in Plaintiff's Complaint demonstrates that it lacks a basis for the allegations made in counts two and seven. In support of these allegations Plaintiff states that it believes that Defendants Feinstein and Buscher have "disclosed or inevitably will disclose confidential trade secret information." (Compl. ¶¶ 41, 71.) These bald assertions do not suffice to allow this Court to draw the inference that Defendant Feinstein and Buscher are liable for the breach of the confidentiality provisions of the Employment Agreement. This Court is not "bound to accept as true legal conclusions couched as factual allegations." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). Accordingly, this Court will dismiss Plaintiff's second claim for relief against Defendant Feinstein and Plaintiff's first claim for relief against Defendant Buscher to the extent that they allege a breach of the confidentiality provision of the Employment Agreement.

## II. **Breach of Fiduciary Duty**

Counts three and eight of Plaintiff's Complaint charge Defendant Feinstein and Defendant Buscher with breach of fiduciary duty. Defendants argue that these counts should be dismissed as they are vague assertions and do nothing more that recite the legal elements of a cause of action for breach of fiduciary duty. This Court agrees. In support of these allegations Plaintiff's Complaint merely states that Defendants Feinstein and Buscher were in a position of trust and confidence during their employment with Bioquell Inc. wherein they

9

had access to Plaintiff's confidential information. (Compl. ¶¶46, 47, 76, 77.) Plaintiff further alleges that upon information and belief Defendants Feinstein and Buscher breached this fiduciary duty by "wrongfully misappropriating and wrongfully using Plaintiff's confidential and proprietary information." (Compl. ¶¶ 50, 80.)

A claim for breach of fiduciary duty requires a Plaintiff to establish (1) a confidential or fiduciary relationship existed between the plaintiff and the defendant; (2) the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff in all matters for which he or she was employed; (3) the plaintiff suffered injury; and (4) the defendant's failure to act solely for the plaintiff's benefit was a real factor bringing about plaintiff's injuries. Baker v. Family Credit Counseling Corp., 440 F. Supp. 2d 392, 414-15 (E.D. Pa. 2006). The Complaint fails to identify any facts to support the second, third and fourth elements of this claim. Noticeably missing from these counts are any details discussing when the information was misappropriated, to whom it was given, or what information was allegedly wrongfully disclosed.

While Fed. R. Civ. P. 12(b)(6) does not require a Plaintiff to set forth detailed facts it does require that a plaintiff set forth a plausible basis for the relief it requests. Thus, to survive a 12(b)(6) motion, a Plaintiff's Complaint must set forth direct or inferential factual allegations supporting all the material elements of the claims made therein. . Plaintiff's allegations of breach of a fiduciary duty are purely conjectural and are insufficient to survive a motion to dismiss. Accordingly, this Court finds the allegations asserted by Plaintiff do not establish a plausible claim for relief against Defendants Feinstein and Buscher for breach of fiduciary duty.

### III. Violation of the Pennsylvania Uniform Trade Secrets Act

Plaintiff's Fourth Claim for Relief against Defendant Feinstein and Third Claim for Relief against Defendant Buscher charge Defendants with violating the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S.§ 5301 et seq. Specifically, Plaintiff avers that Defendants Feinstein and Buscher violated the Act by wrongfully misappropriating confidential and proprietary information which qualify as trade secrets. (Compl. ¶¶ 52, 82.) In support of this allegation Plaintiff states merely that said trade secrets were acquired during the course of Defendant Feinstein and Buscher's employment with Plaintiff, said trade secrets were not generally available to the public, and that Defendant SixLog induced the Defendants to engage in the misappropriation of said trade secrets. (Compl. ¶¶ 54, 56, 83.) Plaintiff further alleges that "[b]ased on Defendant Buscher's conduct to date, it is probable that Defendant Buscher will continue to use Plaintiff's trade secrets for his own benefit and the benefit of Defendant SixLog, to the detriment of Plaintiff." (Compl. ¶87.) The identical allegation was made against Defendant Feinstein. (Compl. ¶57)

Not once does Plaintiff identify these trade secrets nor discuss how said secrets were allegedly wrongfully misappropriated. Moreover, Plaintiff fails to allege in what manner Defendant SixLog allegedly induced Defendants Feinstein and Buscher to violate the Act. Plaintiff makes no effort to identify what conduct Defendant Buscher or Feinstein engaged in which leads it to this conclusion that Bioquell Inc.'s proprietary information has been and will continue to be used for Defendant SixLog's benefit. This Court finds that Plaintiff has failed to meet the pleading requirements of Fed. R. Civ. P. 12(b)(6), Plaintiff's claim for relief as it relates to a violation of the Pennsylvania Uniform Trade Secrets Act is merely a string of

11

conclusory statements devoid of any factual basis. A Plaintiff's complaint must set forth "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. This Court will not assume that Plaintiff has the basis for the assertions that it makes nor will it attempt to fill-in where a complaint is lacking. Accordingly, this Court will dismiss Plaintiff's fourth claim for relief against Defendant Feinstein and Plaintiff's third claim for relief against Defendant Buscher for violation of the Pennsylvania Uniform Trade Secrets Act.

## IV. Tortious Interference with Business Relations

### A. Defendants Feinstein and Buscher

Plaintiff's fifth claim for relief against Defendant Feinstein and fourth claim for relief against Defendant Buscher charge Defendants with tortious interference of business relations. To establish a claim for tortious interference a plaintiff must plead: (1) the existence of an existing or prospective contractual relationship between plaintiffs and a third party; (2) intent on the part of defendants to harm the plaintiffs by interfering with this relationship; (3) absence of privilege or justification for such interference; and (4) actual harm or damage to plaintiffs as a result of defendants' conduct. United States Healthcare v. Blue Cross of Greater Phila., 898 F.2d 914, 925 (3d Cir. 1990) (citing Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 208, 412 A.2d 466 (Pa. 1979)).

Defendants ask that this Court to dismiss Plaintiff's claims for tortious interference because Plaintiff has failed to plead sufficient facts to establish any of the elements of this cause of action. Specifically, Defendants argue that the Complaint fails to identify a business relationship that was terminated as a result of Defendants' alleged actions nor a single

customer of Plaintiff that was allegedly contacted or solicited by Defendants Feinstein or Buscher. This Court agrees, Plaintiff's Complaint contains vague averments which fail to establish a plausible ground for relief. In support of these claims Plaintiff states merely that it has critical ongoing relationships with purchasers of hydrogen peroxide decontamination equipment services and that Defendants Feinstein and Buscher had direct knowledge of the existing contracts and prospective contracts of Plaintiff. (Compl. ¶¶ 61, 62, 91, 92.) From this Plaintiff argues that Defendants Feinstein and Buscher have directly and/or indirectly used confidential and proprietary information to solicit business from Plaintiff's customers with whom they previously worked. (Compl. ¶¶ 63, 93.) The Complaint fails to advance any facts which support the inference that Defendants targeted Plaintiff's customers with the intent to harm Plaintiff.

Plaintiff's allegations of tortious interference with business relationships are purely conjectural. Plaintiff fails to identify a single contract or client that it lost as a result of Defendants' alleged actions. An existing or prospective contractual relationship is a required element to establish a cause of action for tortious interference. Thompson Coal Co., 488 Pa. at 208, fn. 7 ("underlying [the tort's] requisites, of course, is the existence of a contract or of a prospective contractual relation between the third person and the plaintiff"). Plaintiff has failed to plead sufficient facts that support the inference that it is entitled to the relief it seeks. See Twombly U.S. 550 at 557 (noting that allegations of the mere possibility of misconduct are not enough) Accordingly, this Court will dismiss Plaintiff's fifth claim for relief against Defendant Feinstein and fourth claim for relief against Defendant Buscher.

### B. Defendant SixLog

Plaintiff's allegations against Defendant SixLog for tortious interference with business relations are identical in substance to those made against Defendants Feinstein and Buscher. See (Compl. ¶¶100-103.) For the reasons mentioned above this Court also dismisses Plaintiff's claim against Defendant SixLog for tortious inference with business relations.

### V. Conspiracy

#### A. Defendants Feinstein and Buscher

Plaintiff's sixth claim for relief against Defendant Feinstein and fifth claim for relief against Defendant Buscher charge Defendants with conspiracy. In support of this allegation Plaintiff states that "Defendants Buscher and SixLog agreed to act in concert and did act in concert with one another to breach the Employment agreement and to otherwise violate Pennsylvania's Uniform Trade Secret Act." (Compl. ¶ 97.) Plaintiff recites this same verbiage in its allegation that Defendants conspired to breach their employment agreements by misappropriating trade secrets learned during their respective employments. (Compl. ¶¶ 98.)[1]

A claim for civil conspiracy under Pennsylvania law requires a plaintiff to establish: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003) (citing Strickland v. Univ. of

---

[1] The Complaint contains identical allegations in the claim for relief made against Defendant Feinstein for conspiracy. See (Compl. ¶¶ 67-68).

Scranton, 700 A.2d 979, 987-988 (Pa. Super. Ct. 1997)). A properly plead conspiracy claim "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (citing Beck v. Prupis, 529 U.S. 494, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000)).

Plaintiff does little more than recite the elements for establishing the existence of a conspiracy. Formulaic recitations of the elements of a cause of action do not suffice to satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6). Twombly, 550 U.S. at 555. See also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Although this Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to Plaintiff, as the non-moving party, it is under no obligation to accept unsupported conclusions. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998). While this Court recognizes that Fed. R. Civ. P. 12(b)(6) does not require detailed factual allegations it is also mindful that the rule does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). Plaintiff has failed to allege sufficient facts that support a claim for conspiracy. Accordingly, this Court will dismiss Plaintiff's sixth claim for relief against Defendant Feinstein and fifth claim for relief against Defendant Buscher.

    **B.    Defendant SixLog**

Plaintiff's allegations against Defendant SixLog are identical in substance to those

15

made against Defendants Feinstein and Buscher. See (Compl. ¶¶ 105-106.) For the reasons mentioned above this Court dismisses Plaintiff's claim against Defendant SixLog for conspiracy.

## **CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion to dismiss Plaintiff's second claim for relief against Defendant Feinstein to the extent that it alleges a breach of the confidentiality provision of the Employment Agreement. In addition, this Court grants Defendants' motion to dismiss Plaintiff's first claim for relief against Defendant Buscher to the extent that it alleges a breach of the confidentiality provision of the Employment Agreement. This Court also grants Defendants' Motion for Partial Dismissal of Plaintiff's Complaint as it relates to the following causes of action:

- Plaintiff's third Claim for relief against Defendant Feinstein
- Plaintiff's fourth claim for relief against Defendant Feinstein
- Plaintiff's fifth claim for relief against Defendant Feinstein
- Plaintiff's sixth claim for relief against Defendant Feinstein
- Plaintiff's second claim for relief against Defendant Buscher
- Plaintiff's third claim for relief against Defendant Buscher
- Plaintiff's fourth claim for relief against Defendant Buscher
- Plaintiff's fifth claim for relief against Defendant Buscher
- Plaintiff's first claim for relief against Defendant SixLog
- Plaintiff's second claim for relief against Defendant SixLog

Additionally, this Court denies Defendants' Motion for Partial Judgment on the Pleadings. The dismissal of this action is without prejudice and the Court grants Plaintiff leave to submit an amended complaint. Last, the Court denies Defendant's Motion for Leave to Reply.

An appropriate Order follows.

BY THE COURT:

/s/ Petrese B. Tucker
_____
Hon. Petrese B. Tucker, U.S.D.J.